## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. BERKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00145-PLC |
| | ) | |
| OFFICER UNKNOWN SAQUST, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff William F. Berkley for leave to commence this action without prepayment of the required filing fee. The Court will grant plaintiff's application and waive the filing fee.  Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff's motion for appointment of counsel will be denied without prejudice.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff William Berkley filed his complaint pursuant to 42 U.S.C. § 1983 against Officer Unknown Saqust, a police officer with the City of St. John, Missouri. Plaintiff is silent as to the capacity in which he sues defendant Saqust.

Plaintiff's allegations are set forth in his Statement of Claim:

1. What happened to you? I was punched in my face

2. When did it happen? Jan 11, 2023 at 5:35 a.m.

3. Where did it happen? South Bound Page [Ave.]

4. What injuries did you suffer? I don't feel safe

5. What did defendant personally do, or fail to do, to harm you? Ther[e] was only one officer. He displayed his emergency light after I ask him if he could simply loosen the cuff on my left hand due to it [injuring] and not having feeling[.] [H]e walked around the cruiser opened my door as I had my back turned and cuffs out he punched me in my face.

ECF No. 1 at 5.

For relief, plaintiff seeks damages of an unspecified amount for pain and suffering. He also requests that defendant "lose his badge so he can't put physical force in a wrongful beating."

## Discussion

As pled plaintiff's complaint fails to state a viable claim against the named defendant Officer Saqust. First, plaintiff is silent as to the capacity under which he is bringing this action against defendant. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the

defendant, [courts] interpret the complaint as including only official-capacity claims."). The Court must presume plaintiff is naming defendant only in his official capacity. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff alleges that Officer Saqust is a St. John, Missouri police officer. Plaintiff's claims against defendant must be interpreted as claims against the municipality of St. John.

A county may be liable for a constitutional violation under § 1983 if the violation resulted from a municipal policy or custom. *Calgaro v. St. Louis Cty.,* 919 F.3d 1054, 1058 (8th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978)). Here, however, plaintiff makes no attempt to specify a municipal policy or custom that was causally linked to any alleged harm. *See id.* (noting the plaintiff "never specified a policy or custom that was the moving force behind the alleged violation," and determining that the plaintiff's conclusory assertion that the County acted based upon policy or custom was insufficient to state a claim); *see Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). As such, the complaint fails to state a municipal liability claim as currently pled. *See Monell*, 436 U.S. at 690-91. Thus, plaintiff's claims against Officer Saqust brought in his official capacity must be dismissed.

Assuming plaintiff amends his complaint to state his claim against Officer Saqust in his individual capacity, plaintiff might be able to state a plausible claim against him for excessive force. To assess whether the complaint contains enough factual information to state a plausible claim for relief, the Court reviews the alleged facts and circumstances surrounding plaintiff's arrest. The Eighth Circuit has stated the courts should consider relevant factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity

of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015)).

      Because plaintiff is proceeding pro se, the Court permits him to amend his complaint to set forth his claims for relief. Plaintiff is advised that the amended complaint replaces the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil rights complaint form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff is advised that suing defendant Officer Saqust only in his official capacity will result in the dismissal of his suit.

      Plaintiff will be given twenty-one (21) days to amend his complaint. His failure to amend in a timely manner may result in the dismissal of this action, without prejudice.

### Motion for Appointment of Counsel

      Plaintiff has also filed a motion to appoint counsel. A civil litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of

conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At this point, there is no indication that plaintiff is incapable of representing himself or that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Recognizing that circumstances may change, however, the Court will deny the motion for appointment of counsel without prejudice, and may entertain future motions as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions above.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. [ECF No. 3]

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice to plaintiff.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2023